UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHERI KEEN

        Plaintiff,

    v.

AMERICAN HOME MORTGAGE
SERVICING,INC., OPTION ONE
MORTGAGE CORPORATION, AMERICAN
HOME MORTGAGE SERVICING,INC.
DEFAULT SERVICES, WELLS FARGO
BANK, N.A. AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST
2006-3 ASSET-BACKED
CERTIFICATES, SERIES 2006-3,
PRIME EQUITY LENDING, INC.,
MICHAEL F. PEREZ, SARAH LEE
and DOES 1-20 inclusive,

        Defendants.

_____/

NO. CIV. 2-09-01026 FCD/KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

    This matter is before the court on defendants Sand Canyon
Corporation f/k/a Option One Mortgage Corporation ("Option One"),
T.D. Service Company ("T.D."), American Home Mortgage Servicing,
Inc. ("AHMSI"), AHMSI Default Services, Inc. ("ADSI"), and Wells

1

Fargo Bank, N.A. ("Wells Fargo") (collectively, "defendants") motions to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6), and motion to strike attorneys' fees pursuant to Fed. R. Civ. P. 12(f).  Plaintiff Cheri Keen ("plaintiff") opposes the motions.  For the reasons set forth below,[1] defendants' motion to dismiss is GRANTED.[2]

## BACKGROUND

In June 2006, plaintiff and her daughter discussed purchasing a new home in the Sacramento area. (First Am. Compl. ("FAC"), filed June, 29, 2009 ¶ 21.)  Plaintiff's daughter suggested contacting "Sipriani," a loan officer for Prime Equity Lending, Inc. that plaintiff's daughter knew through a friend. (Id.)  Plaintiff claims that Sipriani solicited her to finance the residence through him, assuring her that he could get her the "best deal" and the "best interest rates."  (Id. ¶ 22.) Plaintiff also claims that Sipriani informed her the loan would be  fixed at approximately 5% with monthly payments of approximately $2,000 per month.  Instead, Sipriani sold plaintiff a loan at 7.80% interest with an adjustable rate and an index based on a 6 month average of the monthly average yields.  (Id. ¶¶ 23-24.)  Plaintiff further alleges that she accurately provided her income with documentation during the application process, which was then misstated on the loan application by

---

[1]     Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2]     Because the court grants defendants' motion to dismiss, it does not reach the merits of defendant's motion to strike.

either Sipriani or Sarah Lee ("Lee"), a licensed real estate salesperson.

Plaintiff also claims that she never received a copy of any of the loan documents prior to closing, but that Sipriani informed her that she could refinance if the loan became unaffordable. (Id. ¶¶ 27-28.) At closing, plaintiff was only given a few minutes to sign the loan documents, which had not been thoroughly explained by anybody. (Id.) She was never given the opportunity to review the documents meaningfully. (Id.)

On or about July 31, 2006, plaintiff completed the loan on the property, and the terms of the loan were memorialized in a promissory note, which was secured by a Deed of Trust. (Id. ¶ 30.) The Deed of Trust allegedly identified Premier Trust Deed Services, Inc. as trustee and Option One as the lender.

A notice of default was filed in Sacramento County on January 2, 2009, and on February 10, 2009, an Assignment of Deed of Trust was recorded with the Sacramento County Recorder. (Id. ¶¶ 42-43.) On April 2, 2009, plaintiff asserts that she mailed a Qualified Written Request ("QWR") to defendant, AHMSI, which included a demand for cancellation of the pending Trustee Sale and rescission of the loan pursuant to the provisions of the Truth in Lending Act ("TILA"). (Id. ¶ 31.) Plaintiff claims that she never received certain disclosures that Option One was required to provide regarding finance charges. (Id. ¶ 36.) Plaintiff alleges that on April 3, 2009, T.D. sent her a Notice of Trustee Sale together with a Debt Validation Notice without any explanation as to T.D.'s relation to the loan. (Id. ¶ 45). On April 23, 2009, AHMSI sold plaintiff's home at a Trustee sale.

3

In her First Amended Complaint, plaintiff asserts claims for 1) violation of TILA, 15 U.S.C. §§ 1601 *et seq.*; 2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), 3) negligence, 4) violation of the Real Estate Settlement Procedures Act ("RESPA'), 12 U.S.C. §§ 2601 *et seq.*, 5) breach of fiduciary duty, 6) fraud, 7) violation of California Business and Professions Code § 17200; 8) breach of contract, 9) breach of implied covenant of good faith and fair dealing, and 10) wrongful foreclosure.

**STANDARDS**

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to

4

relief that is plausible on its face." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atlantic Corp. V. Twombly</u>, 550U.S. 554, 570 (2007)). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> at 1952. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) (quoting <u>Hudson v. King & Spalding</u>, 467 U.S. 69, 73. (1984)).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. <u>See</u> <u>Mir v. Little Co. Of Mary Hospital</u>, 844 F.2d 646, 649 (9th Cir. 1988); <u>Isuzu Motors Ltd. V. Consumers Union of United States, Inc.</u>, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.   TILA**

**1.   Statute of Limitations**

Plaintiff's first claim for relief alleges a violation of the Truth in Lending Act ("TILA") against defendant Option One. Option One argues that the damages portion of plaintiff's TILA violation claim is time barred. (Def's. P. & A. in Supp. of MTD ("MTD"), July 27, 2009, 5:17.) Plaintiff asserts that the statutory period has not expired based on the doctrine of equitable tolling. (Pl.'s Opp'n to MTD ("Opp'n"), filed Sept. 9, 2009, 8:14-9:6.)

/////

1   TILA provides that a plaintiff can bring an action to

2   recover damages "within one year from the date of the occurrence

3   of the violation."  15 U.S.C. § 1640(e).  In King, the Ninth

4   Circuit held that equitable tolling of civil damages claims

5   brought under TILA might be appropriate "in certain

6   circumstances."  King v. State of California, 784 F.2d 910, 915

7   (9th Cir. 1986).  The court noted that a borrower may not have a

8   reasonable opportunity within one year to discover the fraud or

9   nondisclosures that form the basis of a TILA action and that,

10  through TILA, Congress "sought to protect consumer's choice

11  through full disclosure and to guard against the divergent and at

12  times fraudulent practices stemming from uninformed use of

13  credit."  Id.  As such, the Ninth Circuit explained that

14  "district courts . . . can evaluate specific claims of fraudulent

15  concealment and equitable tolling to determine if the general

16  rule would be unjust or frustrate the purpose of the Act and

17  adjust the limitations period accordingly."  Id.  When

18  determining whether the statute of limitations period has expired

19  for the purposes of a motion to dismiss, a court can only grant

20  the motion "if the assertions of the complaint, read with the

21  required liberality, would not permit the plaintiff to prove that

22  the statute was tolled."  Supermail Cargo, Inc. v. U.S., 68 F.3d

23  1204, 1206 (9th Cir. 1995).

24  In this case, defendants contend, and plaintiff does not

25  dispute, that the alleged TILA violations occurred no later than

26  July 31, 2006, the date plaintiff entered into the loan agreement

27  with defendants.  (MTD 4:11.)  Accordingly, since plaintiff did

28  not bring her claim until April 16, 2009, more than one year has

6

elapsed since the alleged TILA violation.  Plaintiff argues that equitable tolling may apply to her TILA claim because it is based upon defendants' alleged failure to clearly and conspicuously disclose various terms of the loan.  (FAC at ¶ 55.)  However, plaintiff pleads no other facts to explain how defendants concealed the true facts or why plaintiff could not otherwise have discovered the TILA violations at the consummation of her loan.  "Such factual underpinnings are all the more important . . . since the vast majority of [p]laintiff's] alleged violations under TILA are violations that are self-apparent at the consummation of the transaction."  <u>Cervantes v. Countrywide Home Loans, Inc.</u>, 2009 U.S. Dist. LEXIS 87997, at ** 13-14 (D. Ariz. Sept. 23, 2009) (holding that equitable tolling was not appropriate when plaintiffs simply alleged that defendants "fraudulently misrepresented and concealed the true facts related to the items subject to disclosure").

Accordingly, defendants' motion to dismiss plaintiff's claim for civil damages based on violation of TILA is GRANTED.

## 2. Rescission

Plaintiff also contends that as a result of Option One's failure to provide the required disclosure statements, plaintiff has a continuing right to rescission, which she attempts to initiate through her complaint.  (FAC at ¶ 60.)  Option One asserts that plaintiff's rescission claim must be dismissed because, under TILA, rescission is dependent on the borrower's ability to return the loan principal, which plaintiff has not adequately alleged.

////

15 U.S.C. § 1635(b) "adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property." Yamamoto v. Bank of N.Y., 329 F. 3d 1167, 1170 (9th Cir. 2003). The Ninth Circuit has held that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender." Id. (emphasis in original).  A number of California district courts have required a plaintiff to plead facts relating to the ability to tender the loan principal in order to withstand a 12(b)(6) motion to dismiss and proceed with a claim for rescission under TILA.  Garza v. Am. Home Mortgage, 2009 WL 188604 at *5 (E.D. Cal. Jan. 27, 2009) ("[R]escission is an empty remedy without [plaintiff's] ability to pay back what she has received."); Serrano v. Sec. Nat'l Mortg. Co., 2009 U.S. Dist. Lexis 71725 (S.D. Cal. Aug. 14, 2009) ("If Plaintiff continues to seek rescission under TILA, he must tender the owed amount or provide proof of his ability to tender."); Pesayco v. World Sav., Inc., 2009 U.S. Dist. LEXIS 73299 (C.D. Cal. July 29, 2009) ("[A] claim for TILA rescission will only be able to succeed if Plaintiff can show the ability to tender the principal of the subject loan.").  In this case, plaintiff has failed to allege any facts relating to her ability to tender the loan principal.

/////

/////

/////

1    Accordingly, defendant's motion to dismiss plaintiff's claim

2  for rescission under TILA is GRANTED.[3]

3  **B.   California Rosenthal Act**

4    Plaintiff's second claim for relief alleges that defendants

5  AHMSI, Option One, and ADSI violated the California Rosenthal Act

6  ("RFDCPA").  Specifically, plaintiff claims that defendants

7  threatened to take actions not permitted by law, including but

8  not limited to:  collecting on a debt not owed; making false

9  reports to credit reporting agencies; foreclosing upon a void

10 security interest; foreclosing upon a note of which they were not

11 in possession nor otherwise entitled to payment; falsely stating

12 the amount of a debt; increasing the amount of a debt by

13 including amounts that are not permitted by law or contract; and

14 using unfair and unconscionable means in an attempt to collect a

15 debt.  (FAC at ¶ 64.)  Defendants argue that plaintiff has failed

16 to state a claim pursuant to the RFDCPA.

17 _____

18     [3]    In the alternative, Option One also claims that
   plaintiff's claim for rescission fails pursuant to 15 U.S.C.
19 1635(e) which specifically exempts "residential mortgage
   transactions" from rescission.  A residential mortgage
20 transaction is "defined as a transaction in which a mortgage,
   deed of trust, purchase money security interest arising under an
21 installment sales contract, or equivalent consensual security
   interest is created or retained against the consumer's dwelling
22 to finance the acquisition or initial construction of such
   dwelling."  15 U.S.C. § 1602(w).  Plaintiff fails to refute or
23 even address defendant's contention in her opposition to Option
   One's motion to dismiss this claim.  Based on the facts alleged
24 in the complaint, plaintiff used the loan solely to finance her
   purchase of the residential property in dispute.  (FAC at ¶ 30.)
25 See Tanuvasa v. FDIC, U.S. 2009 Dist. LEXIS 87673 (C.D. Cal.
   Sept. 23, 2009) ("Plaintiff does not allege that the loan at
26 issue was used for any reason other than to finance the
   acquisition of her home."); Watts v. Decision One Mortg. Co.,
27 LLC, 2009 U.S. Dist. LEXIS 554784 (S.D. Cal. June 11, 2009)
   ("Thus, while home equity loans and refinancing transactions
28 could be amenable to rescission, plaintiff's purchase money
   mortgage is not.").

1    The purpose of the RFDCPA is "to prohibit debt collectors
2    from engaging in unfair or deceptive acts or practices in the
3    collection of consumer debts and to require debtors to act fairly
4    in entering into and honoring such debts." Cal. Civ. Code §
5    1788.1(b). Under the RFDCPA, a "debt collector" is defined as
6    "any person who, in the ordinary course of business, regularly,
7    on behalf of himself or herself or others, engages in debt
8    collection." (Cal. Civ. Code. § 1788.2(c)). A debt collector
9    violates the act when it engages in harassment, threats, the use
10   of profane language, false simulation of the judicial process, or
11   when it cloaks its true nature as a licensed collection agency in
12   an effort to collect a debt. See Cal. Civ. Code §§ 1788.10-
13   88.18; see also Hernandez v. Cal. Reconveyance Co., 2009 U.S.
14   Dist. LEXIS 13936, at * 13 (E.D. Cal. Feb. 23, 2009) (holding
15   that a RFDCPA claim failed because the complaint lacked
16   allegations of harassment or abuse, false or misleading
17   representations of the debt collector's identity, or unfair
18   practices during the process of collecting debt).
19   The RFDCPA is not applicable until after a loan is made and
20   does not constitute a lending regulation. See Alkan v.
21   Citimortgage, Inc., 336 F. Supp. 2d 1061, 1064 (N.D. Cal. 2004).
22   Moreover, foreclosing on a deed of trust does not implicate the
23   RFDCPA. See e.g. Benham v. Aurora Loan Servs., 2009 U.S. Dist.
24   LEXIS 78384, at *6 (N.D. Cal. Sept. 1, 2009) (dismissing
25   plaintiff's complaint "because foreclosing on a property pursuant
26   to a deed of trust is not the collection of a debt within the
27   meaning of the RFDCPA"); Ricon v. Recontrust Co., 2009 U.S. Dist.
28   LEXIS 67807, at *9 (S.D. Cal. Aug. 4, 2009); Hepler v. Wash. Mut.

1   <u>Bank, F.A.</u>, 2009 U.S. Dist. LEXIS 33883, at *11 (C.D. Cal. April
2   17, 2009).

3       Plaintiff's complaint fails to allege any facts supporting
4   how defendants violated the RFDCPA.  <u>Rosal v. First Fed. Bank of</u>
5   <u>Cal</u>., 2009 U.S. Dist. Lexis 60400 (N.D. Cal. July 15, 2009)
6   (dismissing the plaintiff's complaint where it did not allege
7   facts giving rise to the inference that any of the defendants is
8   a debt collector as defined by the RFDCPA" nor assert what
9   provisions of the RFDCPA defendants allegedly violated).
10  Plaintiff does not allege that defendants used threats,
11  harassment, or profane language to collect a debt after the loan
12  was made.  Further, plaintiff fails to identify who among
13  defendants acted as a debt collector pursuant to the RFDCPA.  <u>See</u>
14  <u>Fuentes v. Deutsche Bank</u>, 2009 U.S. Dist. LEXIS 57931 (S.D. Cal.
15  July 8, 2009) (granting defendant's motion for judgment "[s]ince
16  a residential mortgage is not a debt and a home foreclosure is
17  not debt collection within the meaning of the statute"); <u>Gamboa</u>
18  <u>v. Trustee Corps</u>, 2009 WL 656285 (N.D. Cal. March 12, 2009)
19  ("[T]he law is clear that foreclosing on a property pursuant to a
20  deed of trust is not a debt collection within the meaning of the
21  RFDCPA.").

22      Accordingly, defendants' motion to dismiss plaintiff's
23  second claim for violation of RFDCPA is GRANTED.

24  **C.   Negligence**

25      Plaintiff's third claim for relief alleges that all
26  defendants acted negligently by directing her into a loan
27  transaction against industry standards, resulting in
28  unnecessarily increased fees, which defendant's knew were in

11

excess of what plaintiff could afford.  (FAC at ¶ 69.)  Further,
plaintiff alleges that defendants failed to maintain the original
mortgage note and to make the statutorily required disclosures to
plaintiff.  Defendants contend that plaintiff's claim fails
because she has failed to plead sufficient facts supporting a
duty owed by them to plaintiff.

The elements of a cause of action for negligence are (1) a
legal duty to use reasonable care, (2) breach of that duty, and
(3) proximate [or legal] cause between the breach and (4) the
plaintiff's injury." Mendoza v. City of Los Angeles, 66 Cal.
App. 4th 1333, 1339, (1998).  "The question of the existence of a
legal duty of care . . .  presents a question of law which is to
be determined by the courts alone." First Interstate Bank of
Ariz., N.A. v. Murphy, Weir & Butler, 210 F.3d 983, 987 (9th Cir.
2000).  "Absent the existence of duty . . . , there can be no
breach and no negligence." Nichols v. Keller, 15 Cal. App. 4th
1672, 1683 (1993); Nymark v. Heart Fed. Savings & Loan Assn., 231
Cal. App. 3d 1089, 1096 (3d Dist. 1991) ("The existence of a duty
of care owed by a defendant to a plaintiff is a prerequisite to
establishing a claim for negligence.") (citations omitted).

"Under California law, a lender does not owe a borrower or
third party any duties beyond those expressed in the loan
agreement, except[] those imposed due to special circumstance."
Resolution Trust Corp. v. BVS Dev., 42 F.3d 1206, 1214 (9th Cir.
1994) (citing Nymark, 231 Cal. App. 3d at 1096 (1991)); see also
Cataulin v. Wash. Mut. Bank, 2009 U.S. Dist. LEXIS 59708, at *6
(S.D. Cal. July 13, 2009); Spencer v. DHI Mortgage Co., 2009 U.S.
Dist. LEXIS 55191, at *8 (E.D. Cal. June 30, 2009); Mangindin v.

1  _Wash. Mut. Bank_, 2009 U.S. Dist. LEXIS 51231, at *21 (N.D. Cal.
2  June 17, 2009).  Special circumstances arise when a lender
3  actively participates in the financed enterprise.  See _Nymark_,
4  231 Cal. App. 3d at 1096; _Wagner v. Benson_, 101 Cal. App. 3d 27,
5  35 (1980) ("Liability to a borrower for negligence arises only
6  when the lender 'actively participates' in the financed
7  enterprise beyond the domain of the usual money lender.").  A
8  lender may also be secondarily liable through the actions of a
9  mortgage broker, who has a fiduciary duty to its borrower-client,
10 if there is an agency relationship between the lender and the
11 broker.  See _Plata v. Long Beach Mortg. Co._, 2005 U.S. Dist.
12 LEXIS 38807, at *23 (N.D. Cal. Dec. 13, 2005).

13        In her complaint, plaintiff describes nothing more than an
14 arms-length loan transaction between defendants and herself.
15 Plaintiff also does not allege that defendant actively
16 participated in the financed enterprise beyond the usual
17 practices associated with the lending business.  As such, under
18 the facts pled in the complaint, defendants owe plaintiff no duty
19 of care.  Therefore, defendants' motion to dismiss plaintiff's
20 negligence claim is GRANTED.

21 **D.   RESPA**

22        Plaintiff's fourth claim for relief alleges that defendants
23 AHMSI, Option One, Prime Equity, and Perez violated the Real
24 Estate Settlement Procedures Act ("RESPA") pursuant to 12 U.S.C.
25 § 2605 et seq.  Specifically, plaintiff alleges that defendants
26 violated 12 U.S.C. § 2605(e)(2) by failing to provide a written
27 explanation or response to plaintiff's qualified written request
28 ("QWR").  Defendants move to dismiss plaintiff's RESPA claim

because the allegations reflect that the "QWR" did not challenge
the accuracy of the account or information regarding servicing of
the loan and thus, do not meet the description in Section
2605(e)(1).

Section 2605 requires a loan servicer to provide disclosures
relating to the assignment, sale, or transfer of loan servicing
to a potential or actual borrower: (1) at the time of the loan
application, and (2) at the time of transfer.  12 U.S.C. § 2605.
The loan servicer also has a duty to respond to a borrower's
inquiry or "qualified written request."  12 U.S.C. § 2605(e).  A
qualified written request is a written correspondence that
enables the servicer to identify the name and account of the
borrower.  12 U.S.C. § 2605(e)(1).  It also either includes a
statement describing why the borrower believes that the account
is in error or provides sufficient detail to the servicer
regarding other information sought by the borrower.  <u>Id.</u>  The
loan servicer is required to respond by making appropriate
corrections to the borrower's account, if necessary and, after
conducting an investigation, providing the borrower with a
written clarification or explanation.  12 U.S.C. § 2605(e)(2).
written clarification or explanation.  12 U.S.C. § 2605(e)(2).
Pursuant to § 2605(i), "'servicing' means receiving any scheduled
periodic payments from a borrower . . . and making the payments
of principal and interest and such other payments with respect to
the amounts received from the borrower."

Plaintiff alleges that on April 2, 2009, she mailed a QWR to
defendant AHMSI, which included a demand to cancel the pending
Trustee Sale and for rescission pursuant to TILA. (FAC at ¶ 31.)

14

1  According to the allegations in the complaint, the April 2, 2009

2  letter "simply disputed the validity of the loan and not its

3  servicing." Consumer Solutions REO, LLC v. Hillery, -- F. Supp.

4  2d --, 2009 WL 2711264 (Aug. 26, 2009 N.D. Cal. 2009); see

5  MorEquity, Inc. v. Naeem, 118 F. Supp. 2d 885, 900-01 (N.D.

6  Ill.2000) (noting that the "[t]he counterclaim alleges [that the

7  request alleged] a forged deed, and irregularities with respect

8  to the recoding of the two loans, but [made] no claim with

9  respect to improper servicing" and therefore dismissing claim

10 pursuant to § 2605(e)).

11     Accordingly, defendants' motion to dismiss plaintiff's

12 fourth claim for relief for violations of RESPA is GRANTED.[4]

13 **E.   Breach of Fiduciary Duty**

14     Plaintiff's fifth claim for relief alleges that defendant

15 Option One breached its fiduciary duties to act primarily for

16 plaintiff's benefit by allegedly obtaining a loan with

17 unfavorable terms, failing to disclose the negative consequences

18 of the loan, and securing a secret profit by failing to comply

19 with TILA, RESPA and engaging in unfair business practices.

20 /////

21

---

22     [4]   Plaintiff also vaguely alleges that defendants failed
   to comply with disclosure requirements at the time of the sale.
23 As an initial matter, "RESPA contains no private right of action
   for violations of disclosure requirements." Mamerto v. Deutsche
24 Bank Nat'l Trust Co., 2009 U.S. Dist. LEXIS 46988 (S.D. Cal. June
   4, 2009); 12 U.S.C. § 2605(f).  Further, plaintiff fails to
25 allege any facts pertaining to which defendant(s) failed to
   correctly and accurately comply with disclosure requirements and
26 what documents the defendant(s) failed to provide.  In the
   absence of any facts supporting plaintiff's contention that
27 defendants failed to comply with disclosure requirements,
   plaintiff also fails to allege a cognizable RESPA cause of action
28 on this basis.

1  Defendant moves to dismiss the claim on the basis that a lending

2  institution does not owe a fiduciary duty to a borrower.

3      Plaintiff's claim fails for the same reason the negligence

4  claim fails.  In order to sustain a claim for breach of a

5  fiduciary duty, "a plaintiff must demonstrate the existence of a

6  fiduciary relationship, breach of that duty and damages."

7  Serrano v. Sec. Nat'l Mortg. Co., 2009 U.S. Dist. LEXIS 71725

8  (S.D. Cal. Aug. 14, 2009) (citing Shopoff & Cavallo LLP v. Hyon,

9  167 Cal. App. 4th 1489, 85 Cal. Rptr.3d 268, 285 (Cal. Ct. App.

10 2008).  "Absent special circumstances, a loan transaction is at

11 arms-length and there is no fiduciary relationship between the

12 borrower and lender."  Rangel v. DHI Mortgage Co., Ltd., 2009

13 U.S. Dist. LEXIS 65674, at *8 (E.D. Cal. July 20, 2009); see also

14 e.g. Tasaranta v. Homecomings Fin., 2009 U.S. Dist. LEXIS 87372,

15 at *15 (S.D. Cal. Sept. 21, 2009); Brittain v. IndyMac Bank, FSB,

16 2009 U.S. Dist. LEXIS 84863, at * 14 (N.D. Cal. Sept. 16, 2009);

17 Dinsmore-Thomas v. Ameriprise Fin., Inc., 2009 U.S. Dist. LEXIS

18 68882, at *29 (C.D. Cal. Aug. 3, 2009); Fox & Carskadon Financial

19 Corp. v. San Francisco Fed. Sav. & Loan Assn. 52 Cal. App. 3d

20 484, 488, 489 (1st Dist. 1975); Bradler v. Craig, 274 Cal. App.

21 2d 466, 473, 476 (2d Dist. 1969).

22     Because, as set forth above, plaintiff has failed to allege

23 any facts that would give rise to a fiduciary relationship

24 between defendants and herself, defendants' motion to dismiss

25 plaintiff's claim for breach of fiduciary duty is GRANTED.

26 **F.    Fraud**

27     Plaintiff's sixth claim for relief alleges that all

28 defendants committed fraud by intentionally and falsely

representing to plaintiff that her loan would have a fixed
interest rate with static monthly payments and that defendants
would refinance to a lower rate if it became unaffordable.
Plaintiff claims that she relied upon such representations in
purchasing the property, but that on or about January 2, 2009,
defendants caused a Notice of Default to be issued and recorded,
and executed a foreclosure.  Defendants move to dismiss
plaintiff's fraud claim for failure to satisfy Rule 9(b)'s
heightened pleading requirements.

Under California law, the elements of common law fraud are
"misrepresentation, knowledge of its falsity, intent to defraud,
justifiable reliance, and resulting damages." Gil v. Bank of
Am., Nat'l Ass'n, 138 Cal. App. 4th 1371, 1381 (2006).  A court
may dismiss a claim grounded in fraud when its allegations fail
to satisfy Rule 9(b)'s heightened pleading requirements.  Vess v.
Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).
Therefore, plaintiff "must state with particularity the
circumstances constituting fraud." Fed. R. Civ. P. 9(b).  In
other words, the plaintiff must include "the who, what, when,
where, and how" of the fraud.  Id. at 1106 (citations omitted).
"The plaintiff must set forth what is false or misleading about a
statement, and why it is false." Decker v. Glenfed, Inc., 42
F.3d 1541, 1548 (9th Cir. 1994).  The purpose of Rule 9(b) is to
ensure that defendants accused of the conduct specified have
adequate notice of what they are alleged to have done, so that
they may defend against the accusations.  Concha v. London, 62
F.3d 1493, 1502 (9th Cir. 1995).  "Without such specificity,
defendants in these cases would be put to an unfair advantage,

17

since at the early stages of the proceedings they could do no

more than generally deny any wrongdoing." Id. (citing Semegen v.

Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

Furthermore, "Rule 9(b) does not allow a complaint to merely

lump multiple defendants together but require[s] plaintiffs to

differentiate their allegations when suing more than one

defendant . . . and inform each defendant separately of the

allegations surrounding his alleged participation in the fraud."

Swartz v. KPMG LLP, 476 F.3d 756, 765-66 (9th Cir. 2007).  When

asserting a fraud claim against a corporation, "the plaintiff's

burden . . . is even greater. . . . The plaintiff must 'allege

the names of the persons who made the allegedly fraudulent

representations, their authority to speak, to whom they spoke,

what they said or wrote, and when it was said or written.'"

Lazar v. Superior Court, 12 Cal. 4th 631, 645 (1996) (quoting

Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153,

157 (1991)); see also Edejer, 2009 U.S. Dist. LEXIS 52900 at *36

(dismissing the fraud claim where the plaintiff did not allege

any misrepresentation or false statements made by the defendants;

did not allege the names of the persons who made the allegedly

fraudulent representations and their authority to speak; and did

not allege with sufficient particularity or clarity what was

false or misleading about the statements); Mohammad Akhavein v.

Argent Mortgage Co., 2009 U.S. Dist. LEXIS 61796, at *10 (N.D.

Cal. July 17, 2009); Spencer v. DHI Mortgage Co., 2009 U.S. Dist.

LEXIS 55191, at *18 (E.D. Cal. June 30, 2009) (dismissing the

plaintiff's fraud claim without leave to amend because it failed

to satisfy Rule 9(b)'s "'who, what, when, where and how'

1  requirements" and was so deficient as to "suggest no potential
2  improvement from an attempt to amend").

3      In this case, plaintiff fails to satisfy the heightened
4  pleading requirements of Rule 9(b) with respect to all moving
5  defendants.  Plaintiff fails to allege what false statements were
6  made by the moving defendants, when such statements were made, or
7  who among these defendants made such statements.  Accordingly,
8  defendant's motion to dismiss plaintiff's sixth claim for relief
9  is GRANTED.

10 **G.    Breach of Contract**

11     Plaintiff's eighth claim for relief alleges breach of
12 contract against defendant Option One.  Option One argues that
13 plaintiff's claims must be dismissed for failure to state a claim
14 upon which relief may be granted.

15     In California, "[a] cause of action for breach of contract
16 requires proof of the following elements: (1) existence of the
17 contract; (2) plaintiff's performance or excuse for
18 nonperformance; (3) defendant's breach; and (4) damages to
19 plaintiff as a result of the breach."  <u>CDF Firefighters v.</u>
20 <u>Maldonado</u>, 158 Cal. App. 4th 1226, 1239 (2008).  "Resolution of
21 contractual claims on a motion to dismiss is proper if the terms
22 of the contract are unambiguous."  <u>Monaco v. Bear Stearns</u>
23 <u>Residential Mortgage Corp.</u>, -- F. Supp. 2d --, No. CV 07-05607
24 SJO (CTX), 2008 WL 867727, at *5 (C.D. Cal. 2008).  "A contract
25 provision will be considered ambiguous when it is capable of two
26 or more reasonable interpretations."  <u>Id.</u> (citing <u>Bay Cities</u>
27 <u>Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.</u>, 855 P.2d 1263,
28 1271 (Cal.1993)).  "[T]he language of a contract should be

interpreted most strongly against the party who caused the
uncertainty to exist." Cal. Civ. Code § 1654.

With respect to an oral contract to restructure the terms of
a loan, the agreement must embody definite terms, capable of
enforcement, in order to constitute a legal contract. <u>Price v.
Wells Fargo Bank</u>, 213 Cal. App. 3d 465, 483 (1st Dist. 1989)
(noting that "the terms of a restructuring agreement obviously
may vary as widely as the terms of the original agreement").
"Preliminary negotiations or an agreement for future negotiations
are not the functional equivalent of a valid, subsisting
agreement." <u>Id.</u> (quoting <u>Kruse v. Bank of Am.</u>, 202 Cal. App. 3d
38, 59 (1st Dist. 1988)). Moreover, the mere "understanding"
that a loan or mortgage would be restructured is insufficient to
state a claim for breach of contract. <u>Id.</u>

Plaintiff does not allege ambiguity within the terms of the
contract, but rather that defendant wrongfully induced her to
enter into a contract with unfair terms and failed to provide
adequate assistance during the formation of the contract.
Specifically, plaintiff alleges that Option One breached its
contract when it mislead plaintiff as to the type of loan and the
monthly payments and when it inflated plaintiff's income.
However, plaintiff fails to identify any contract that obligated
defendant Option One to conduct itself in a particular manner
with respect to these allegations. Further, to the extent
plaintiff alleges that Sipriani made promises or representations
with respect to such conduct, plaintiff does not set forth any
factual basis why the conduct of Sipriani, allegedly an agent of
defendant Prime Equity, should be attributable to Option One.

20

Plaintiff also alleges that defendant Option One promised to refinance plaintiff's loan to a lower rate when the loan became unaffordable.  Plaintiff contends that defendant Option One breached this contract by failing to refinance the loan. However, because these general allegations fail to set forth any facts alleging a valid, enforceable contract under California law, she has failed to state a viable claim for breach of such a contract.

Accordingly, defendant Option One's motion to dismiss plaintiff's eighth claim for relief for breach of contract is GRANTED.

**H.   Wrongful Foreclosure**

Plaintiff's tenth claim for relief alleges a wrongful foreclosure claim against defendants AHMSI, T.D., and ASDI predicated on violations of Section 2923.5 of the California Civil Code and Section 3301 of the California Commercial Code. (FAC at ¶¶ 122, 124.)  Defendants contend that plaintiff's wrongful foreclosure claim fails primarily because plaintiff has not alleged ability to tender the borrowed funds to the lender.

"A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."  <u>Karlsen v. American Sav. & Loan Assn.</u>, 15 Cal. App. 3d 112,117 (Cal. App. 2d Dist. 1971).  The overwhelming majority of California district courts utilize the <u>Karlsen</u> rationale in examining wrongful foreclosure claims.  <u>Anaya v. Advisors Lending Group</u>, 2009 U.S. Dist. LEXIS 68373 (E.D. Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial

21

foreclosure"); <u>Alicea v. GE Money Bank</u>, 2009 U.S. Dist. LEXIS 60813 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for foreclosure."); <u>Montoya v. Countrywide Bank</u>, 2009 U.S. Dist. LEXIS 53920 (N.D. Cal. June 25, 2009) ("Under California law, the "tender rule" requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt").  The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property."  <u>Williams v. Countrywide Home Loans</u>, 1999 U.S. Dist. LEXIS 14550 (N.D. Cal. Sept. 15, 1999).

     As set forth above, plaintiff has not alleged any facts supporting her ability to tender any payment.  In response to defendants' assertions that she lacks the ability to tender payment, plaintiff contends that more discovery is needed before plaintiff knows how much to tender.  (Pl's. opp to Option One's MTD at 21:5-10.)  However, the Trustee's Deed Upon Sale provides that the amount of unpaid debt together with costs was $411,700.76.  (Ex. 4 to Pl.'s Request for Judicial Notice.)  Further, plaintiff fails to set forth any facts demonstrating an immediate ability or willingness to tender payment.

/////

/////

1    Accordingly, defendants' motion to dismiss plaintiff's tenth

2 cause of action for wrongful disclosure is GRANTED.[5]

3 **I.    Breach of Implied Covenant of Good Faith and Fair Dealing**

4    Plaintiff's ninth claim for relief asserts that all

5 defendants breached the implied covenant of good faith and fair

6 dealing.  Plaintiff specifically alleges that defendants

7 collectively breached the implied covenant of good faith when

8 they: (1) failed to put as much consideration to plaintiff's

9 interest as their own interests; (2) initiated foreclosure

10 proceedings on the property despite not having the right to do so

11 and failure to comply with California law; (3) failed to give

12 proper notice before commencing foreclosure; (4) sent deceptive

13 letters to plaintiff advising plaintiff of her ability to short

14 sale her property when defendant had no intention to act.  (FAC

15 at ¶ 115.)

16    "The prerequisite for any action for breach of the implied

17 covenant of good faith and fair dealing is the existence of a

18 contractual relationship between the parties." Smith v. City &

19 County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).  "To

20 establish a breach of an implied covenant of good faith and fair

21 dealing, a plaintiff must establish the existence of a

22 contractual obligation, along with conduct that frustrates the

23 other party's rights to benefit from the contract." Fortaleza v.

24 PNC Fin. Servs. Group, Inc., 2009 U.S. Dist. LEXIS 64624, at

25 _____

26         [5]    Without citation to any factually analogous authority,
plaintiff also argues that requiring her to post borrowed funds
would effectively preclude her from being able to move forward
27 with seeking judicial review of defendants' conduct.  However,
not all of plaintiffs' claims require proof of ability to tender
28 payment.

**15-16 (N.D. Cal. July 27, 2009).  Furthermore, "a breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself."  <u>Careau & Co. v. Security Pacific Business Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1394 (1990). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  <u>Pasadena Live, LLC v. City of Pasadena</u>, 114 Cal. App. 4th 1089, 1093-1094 (2004).  "[T]he implied covenant will only be recognized to further the contract's purpose; it will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself."  <u>Wolf v. Walt Disney Pictures and Television</u>, 162 Cal. App. 4th 1107, 1120 (2008).

Plaintiff contends that this claim is a derivative of her breach of contract claim.  However, while plaintiff's breach of contract claim is alleged against only defendants Perez, Lee, and Option One, plaintiff alleges this claim against all defendants. It is unclear from the allegations in the complaint what contract plaintiff is referring to and which defendant was a party to those specific contracts.  Further, to the extent plaintiff's claims are based upon the same conduct giving rise to her wrongful foreclosure claims, as set forth above, plaintiff has failed to set forth sufficient facts to state a claim.  Finally, plaintiff's allegation regarding the defendants sending deceptive letters regarding her ability to short sale her property is not supported by any factual allegations in the FAC and bears no relation to any contract described therein.

24

1    Accordingly, defendants' motion to dismiss plaintiff's ninth

2  claim for relief for breach of implied covenant of good faith and

3  fair dealing is GRANTED.[6]

4  **J.   Violations of UCL**

5    Finally, plaintiff's seventh claim alleges that all

6  defendants violated California Business & Professions Code §

7  17200 by participating in unfair and fraudulent business

8  practices.  Defendant argues that plaintiff fails to state a

9  claim as she merely relies upon a conclusory assertion of

10  unlawful, unfair, and fraudulent business practices and bases her

11  claims upon the foregoing violations, which fail to state a

12  claim.

13    The Unfair Competition Law ("UCL"), California Business and

14  Professions Code §§ 17200, *et seq.*, forbids acts of unfair

15  competition, which includes "any unlawful, unfair or fraudulent

16  business act or practice."  Cal. Bus. & Prof. Code § 17200.  "The

17  UCL is broad in scope, embracing anything that can properly be

18  called a business practice and that at the same time is forbidden

19  by law."  People ex rel. Gallegos v. Pacific Lumber Co., 158 Cal.

20  App. 4th 950, 959 (2008) (internal citations omitted).  Section

21  17200 "'borrows' violations of other laws and treats" them as

22  unlawful business practices "independently actionable under

23  section 17200."  Farmers Ins. Exch. V. Superior court, 2 Cal. 4th

24  377, 383 (1992).  Violation of almost any federal, state, or

25  local law may serve as the basis for a[n] [unfair competition]

26

27    [6] In plaintiff's opposition, she concedes that she failed to
   plead the existence of a contract between herself and the moving
28  parties.

claim." <u>Plascencia v. Lending 1st Mortg.</u>, 583 F. Supp. d 1090, 1098 (9th Cir. 2008) (citing <u>Suanders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39 (1994)); <u>see</u> <u>Hauk v. JP Morgan Chase Bank United States</u>, 552 F.3d 1114 (9th Cir. 2009) ("California's UCL has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.").

Because plaintiff's UCL claim is predicated on facts supporting her other claims, all of which the court has dismissed, defendants' motion to dismiss plaintiff's seventh cause of action for violations of California Business & Professions Code § 17200 is GRANTED.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED.  Plaintiff is granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order.  Defendants are granted thirty (30) days from the date of service of plaintiff's second amended complaint to file a response thereto.

IT IS SO ORDERED.


Dated: October 21, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE