UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHERI KEEN, | Civ. No. S-09-1026 FCD/KJM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| AMERICAN HOME MORTGAGE SERVICING, INC., OPTION ONE MORTGAGE CORPORATION, AHMSI DEFAULT SERVICES, INC., T.D. SERVICE CO., WELLS FARGO BANK, N.A. AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-3 ASSET BACKED CERTIFICATES, SERIES 2006-3, PRIME EQUITY LENDING, INC., MICHAEL F. PEREZ, SARAH LEE, and DOES 1-20 inclusive, | |
| Defendants. | |

----oo0oo----

This matter is before the court on the motions of defendants T.D. Service Company, American Home Mortgage Servicing, Inc., AHMSI Default Services, Inc., Wells Fargo Bank, N.A., and Option One Mortgage Corporation to dismiss plaintiff Cheri Keen's

1

("plaintiff") second amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). On February 9, 2010, plaintiff filed a statement of non-opposition, requesting that her claims for violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") be dismissed without prejudice. (Docket # 48.)

FRCP 41(a) provides that a plaintiff may voluntarily dismiss an action without court order by filing a notice of dismissal before the opposing party files an answer or a motion for summary judgment. Fed. R. Civ. Pro. 41(a). The defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal pursuant to Rule 41(a). Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003). At the time that plaintiff filed her statement of non-opposition requesting the court to dismiss plaintiff's claims under TILA and RESPA, none of the defendants had filed a motion for summary judgment or an answer to the complaint. Accordingly, pursuant to FRCP 41(a), plaintiff's TILA and RESPA claims are dismissed without prejudice.

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims. The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 *et seq.*, breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure. (Pl.'s Second Am. Compl. ("Compl.").)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction

over state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity."  Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.")(quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Accordingly, plaintiff's complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: February 18, 2010.

---
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE